## FITCH *against* SMITH.

Where it appeared from the return of an officer, who had levied an execution on land, that he applied to a justice of the peace to appoint two disinterested freeholders as appraisers ; and both the return of the officer and the certificate of the justice appended to such return, stated only, that he appointed *A.* and *B.*, freeholders, for that purpose ; it was held, that it did not appear from the return, either by express words or by reasonable construction, that the appraisers were *indifferent* or *disinterested* freeholders ; and consequently, that the levy was ineffectual to transfer a title.

In an action on the case, by an execution creditor, against an officer, for a defective levy of the execution on land, whereby the plaintiff gained no title, it is competent to the defendant to shew, that the debtor, at the time of the levy, had no title to such land.

*New-London,*
*July, 1831.*

Fitch
*v.*
Smith.

This was an action on the case against the sheriff of *New-London* county, to recover damages for the failure of his deputy, *Raymond,* to levy, according to law, two executions in favour of the plaintiff against *John Chapman.* The declaration averred, that the officer's return was wholly insufficient to vest any title to the lands levied on in the plaintiff, by reason of his not having alleged therein, that the appraisers appointed by the justice were *indifferent* or *disinterested* freeholders of the town wherein the lands lay; by means whereof, the plaintiff has lost his debts, and said executions have never been satisfied.

The cause was tried at *Norwich, March* term, 1831, before *Bissell,* J.

It was admitted, by the plaintiff, that the levy and return were according to law, except only as to the appointment of appraisers. In relation to this subject the return was as follows: "And the creditor in this execution appointed *David G. Otis,* a disinterested freeholder of said town of *Waterford,* as an appraiser to appraise said estate ; and the debtor in this execution having neglected and refused to appoint an appraiser, to appraise said estate ; on the 12th day of *May,* 1828, I applied to *Griswold Avery,* Esq., the next justice of the peace for said county, dwelling in said town of *Waterford,* who by law could judge between the parties, to appoint two disinterested freeholders of said town, as appraisers to appraise said estate, who appointed *Guy Douglass* and *William Gorton,* both freeholders of said town, for said purpose." The justice's certificate appended to the officer's return was as follows: "Upon application this day made to me, by *N. Raymond,* deputy sheriff, to appoint two disinterested freeholders of the town of *Waterford,* as appraisers to appraise the land whereon this execution in favour of *John Fitch* against *John Chapman* has been levied, I did appoint *Guy Douglass* and *William Gorton,* both freeholders of said town, for said purpose."

The defendant offered in evidence certain deeds, executed previously to the levy of the executions, to shew, that the lands levied on, were not, at that time, the property of the execution creditor. This evidence, being objected to, by the plaintiff, was rejected, by the court.

The defendant claimed and prayed the court to instruct the

jury, that the levy of the executions and the officer's return thereon were good and sufficient; and that if not sufficient to transfer the title to the lands, the officer had not been guilty of any default, which would entitle the plaintiff to recover in this action. The court charged the jury, that the levy of the execution and the officer's return thereon were insufficient, and did not transfer any title to the lands; and that the defendant, by reason of such insufficient levy and return, was liable in this action.

The jury gave a verdict for the plaintiff; and the defendant moved for a new trial, on account of the rejection of the evidence offered by him and for a misdirection.

*Brainard* and *H. Strong*, in support of the motion, contended, 1. That the disinterestedness of the appraisers sufficiently appears from the officer's return; as it appears, that the officer applied to the justice to appoint *disinterested* freeholders; and he appointed *Guy Douglass* and *William Gorton* for that purpose. *Pendleton* v. *Button*, 3 *Conn. Rep.* 406. *Booth* v. *Booth*, 7 *Conn. Rep.* 350. *Brace* v. *Catlin*, 7 *Conn. Rep.* 858. n. The case last cited goes the whole length of this case, and beyond it.

2. That the evidence offered by the defendant, to shew that the debtor had no title to the lands levied on, ought to have been received; for in that event, he had sustained no injury; and without injury to the plaintiff, this action cannot be sustained. *Fuller* v. *Holden*, 4 *Mass. Rep.* 498. *Tyler* v. *Ulmer*, 12 *Mass. Rep.* 163. 169.

*Goddard* and *W. P. Cleaveland*, jun. insisted, 1. That it did not appear from the return, that the two appraisers appointed by the justice, were indifferent or disinterested. The officer did, indeed, *apply* to him to appoint disinterested freeholders; but neither the justice nor the officer has said, that this request was complied with. On the contrary, both state what was done, on this application; and that was, simply, the appointment of two freeholders of the town.

2. That if the officer neglects to levy a lawful warrant, or makes an insufficient levy, he cannot shew a want of title in the debtor as an excuse for his default. Neither the title nor the value of the property attempted to be levied on, can be enquired into; but the officer is liable to the creditor to the amount of the execution. *Ackley* v. *Chester*, 5 *Day* 221.

HOSMER, Ch. J.   Two questions only, on which an opinion
is necessary, were raised in the case.

The first was, whether the executions were duly levied.

It is admitted, that the levy was legal in every particular but one ; that is, in the appointment of appraisers.

From the return of the officer it appears, that he applied to a justice of the peace, and requested him to appoint two disinterested freeholders as appraisers ; and that the justice appointed two freeholders of the town where the land lies. It does not appear from any source, that they were indifferent or disinterested.

The statute concerning the levy of executions, requires, that the land should be appraised, by three indifferent freeholders. And as the levy of an execution on land, is matter *positivi legis* only, no essential requisite to a valid levy can be omitted, and the title be acquired.

We have, then, only to look to the return of the sheriff's deputy, to see if there has been a lawful levy on the land in question ; for the return must show every thing essential. That the freeholders appointed to appraise the land were indifferent, no where appears ; and the omission is of a fact essential and indispensable. It is true, that application was made to the justice, for the appointment of disinterested freeholders ; and equally true it is, that freeholders only, whether indifferent or not does not appear, were appointed. If this was the fault of the justice, it makes no difference in the case. The law imperatively demands *indifference*, as the necessary qualification of appraisers ; and that they are such, must appear from the return, or their appraisment is of no avail. Perhaps the officer, on the credit of the justice's certificate, might have returned, that the freeholders were indifferent ; but this he has not done. If they were not, it never can be presumed, that, on proper suggestion, the justice would not have performed his duty. The case of *Booth* v. *Booth,* 7 *Conn. Rep.* 350., by clear implication, shows the invalidity of the levies ; and the same point was determined, by the supreme court of *Massachusetts,* in *Williams* v. *Amory,* 14 *Mass. Rep.* 20.

There, then, is no doubt, that the executions were not duly levied. The question now arises, whether the plaintiff can maintain the action brought.

The action is *case ;* and the foundation of this action is *damnum cum injuria. Paisley* v. *Freeman,* 3 *Term Rep.* 50.

*Fitch*
*v.*
*Smith.*

What damage has the plaintiff sustained? Here it should be observed, that if the evidence offered by the defendant was admissible, and undoubtedly it was, it must be assumed that in the lands in question the execution debtor had no title. Now, the most correct levy of the plaintiff's executions, upon the lands levied on by his direction, which were not the property of his debtor, would have been of no avail. It would have left him precisely in the place, where he now stands. In both instances, he would have acquired nothing; although by a writ of *scire-facias*, he may obtain the reissuing of his executions, his judgment remaining unsatisfied and in full force.

It would be the most palpable injustice, to give to the plaintiff damage, when he has sustained none, and so transfer his debt to the defendant, who has done him no wrong.

In the case of *Fuller* v. *Holden*, 4 *Mass. Rep.* 498. it was decided, that in an action against the sheriff for not seizing, upon execution, chattels, which he had attached on the original writ, it is a good defence, that such chattels were the property of strangers, and not of the debtor. "We are satisfied," said Ch. J. *Parsons*, that under the general issue, the defendant may prove he was guilty of no neglect, and that the plaintiff sustained no injury, by his non-feasance. The principle is precisely that which I have already expressed; and that is, the plaintiff has received no damage, and therefore he can complain of no wrong.

In the case of *Tyler* v. *Ulmer*, 12 *Mass. Rep.* 163. it was determined, that the officer, who had attached certain chattels, and afterwards returned the execution issued in the case *non est inventus*, had a good defence against an action on the case, by showing, that the goods attached were not the property of the debtor. Now, if for the not levying his execution, it was a sufficient defence, that he had no legal right to levy, why is not a defective levy, by the direction of the creditor, on similar estate, equally a defence. In both instances, the execution ought not to have been levied; and equally in both, the creditor would sustain no damage.

It often has been decided, at the circuit, and I think most justly, that one who receipts goods of an officer taken on execution, is not liable for their non-delivery, if it is shown, that they were not the debtor's property. It is because, by the omission to deliver, the plaintiff has sustained no damage.

As the testimony offered by the defendant, to shew, that the

OF THE STATE OF CONNECTICUT.

execution debtor was not the owner of the land levied on, was rejected, by the court, I would advise a new trial.

The other Judges were of the same opinion, except PETERS, J., who was not present, when the case was decided.

New trial to be granted.