ANDREW WREN vs. GEORGE A. PARKER.

New Haven Co., June T., 1889. ANDREWS, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The fact that a party in possession of land has paid the taxes upon it, is admissible as evidence that he was holding the land under a claim of right.

And the testimony of the assessor who made the assessment upon an actual view of the land, is admissible to show that this precise land had been assessed to him and that the tax he paid was laid upon it.

[Argued June 13th—decided September 13th, 1889.]

ACTION to recover damages for trespass on land; brought to the City Court of the city of Meriden, and tried to the

jury before *Thayer, J.* Verdict for the plaintiff and appeal by the defendant for errors in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*W. H. Ely,* with whom was *G. W. Smith,* for the appellant.

*G. A. Fay* and *W. F. Davis,* for the appellee.

ANDREWS, C. J. The complaint in this action alleged certain acts of trespass *quare clausum fregit* upon lands in the town of Meriden of which the plaintiff claimed to be the owner by an adverse possession for more than fifteen years, with a claim also for damages to personal property on the land. The answer asserted title in the defendant, and admitted the acts of entry and the removal of the personal property. The case was tried to a jury in the City Court of the city of Meriden and a verdict was returned for the plaintiff. The defendant has appealed to this court.

Upon the trial the judge charged the jury: "That to entitle the plaintiff to recover he must prove an actual exclusive possession under a claim of right. That the right of possession is usually the only question involved in an action of trespass, but in this case, as the defendant claims title, the plaintiff must prove actual exclusive possession, adverse and under a claim of right, for a period of fifteen years last past before the trespasses complained of." The verdict finds all these things to be proved and true, and that the plaintiff has had the actual exclusive possession of the land in question, adverse and under a claim of right, for a period of fifteen years last part before the acts of trespass complained of, and thereby establishes the plaintiff's title to and his possession of the land upon which the trespasses were committed. The verdict also establishes that the deed under which the defendant claimed the title to the land was void because it was given by a grantor ousted of the possession and not to the person in the actual possession of the land attempted to be conveyed.

This verdict is absolutely conclusive of the case unless

there was some error in the course of the trial. Taken in their order the errors assigned are:—

First. That the court erred in overruling the defendant's objection to the question asked of Mr. Miles, the assessor. The plaintiff was seeking to prove that he had been in the possession of the land claiming it as his own, and among other evidence for this purpose he desired to show that he had paid the taxes thereon. To do this it was necessary to prove that it had been assessed to him. The assessment list did not describe the property so particularly as to make it certain that it embraced the precise strip here in question, and he called the assessor of the town who had made the assessment from an actual view of the land and asked him the question which was objected to. We think the question was admissible. It is entirely analogous to the parol testimony by which a deed is applied to its subject matter, or by which the bounds named in a deed are ascertained. The objection, however, goes a little further than this—that the payment of taxes on land is not evidence at all of an adverse possession. *Adverse* possession consists not simply of possession, but of a possession by the occupier claiming the land as his own and denying the right of everybody else. As tending to prove the claim of ownership the payment of taxes seems clearly admissible. The payment of taxes is "powerful evidence" of a claim of right. *Ewing* v. *Burnett*, 11 Peters, 41, 54; *Farrer* v. *Fessenden*, 39 N. Hamp., 268; *Paine* v. *Hutchins*, 49 Vt., 314.

The second assignment was abandoned by the defendant. The third, fourth, fifth and sixth were all contingent upon a finding by the jury that the defendant was the owner of the land. As the verdict has found the other way these assignments require no further notice.

The seventh is:—"That the court erred in charging the jury that interruption by a stranger, that is by one holding neither title nor possession at the time of the interruption, is not sufficient to destroy or interrupt title by adverse possession." Admitting that this is erroneous as a proposition of law (and perhaps it is,) still the jury could not have been

misled, for the reason that there was no evidence tending to show, nor was there any claim, that the plaintiff's possession had been interrupted by a stranger or anybody else.

The same may be said in regard to the eighth assignment. There was no evidence that the plaintiff had not been in the possession of every part of the premises in controversy for the whole fifteen years.

There is no error in the judgment complained of.

In this opinion the other judges concurred.