[Crim. No. 2256.   Second Appellate District, Division One.—October 11, 1932.]

THE PEOPLE, Respondent, v. A. E. SCHNEIDER, Appellant.

A. E. Schneider, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Buron Fitts, District Attorney, and William R. McKay, Deputy District Attorney, for Respondent.

HOUSER, J.—Under the provisions of section 476a of the Penal Code, defendant was charged with the commission of the criminal offense of "issuing check without sufficient funds". From a judgment of conviction and from an order by which his motion for a new trial was denied, defendant has appealed to this court.

On the trial of the action defendant admitted the issuance by him of the check in question; also the fact that in the bank on which the check was drawn he had no funds. In substance, his defense consisted in the claim that the check was issued by reason of an excusable mistake on his part; and in that regard the story told by defendant seemed probable, and the corroborating circumstances appeared to lend substantial support thereto. In effect, it was that, although defendant had no banking account with the bank on which the check in question was drawn, he did have an account in another bank; and that in issuing the check on which he was prosecuted, the reason why he had used a check on a bank in which he had no funds was that his employment required him to carry blank checks on many different banks for the use and convenience of persons with whom he transacted business, and that on the occasion in question in his haste and confusion, he inadvertently used a check on a bank in which he had no account, instead of a check on the bank in which he had funds deposited sufficient in amount to satisfy and pay the check for the issuance of which he was on trial.

The principal complaint registered by appellant is that, regarding so-called "similar offenses" said to have been committed by defendant, evidence was erroneously admitted against him. The facts with relation thereto appear to be that approximately sixteen days after the date of the issuance of the check in question, defendant issued two other checks on the bank in which he kept his account; that at the time of such issuance defendant had funds in said bank sufficient to pay each of said checks; but that

three days after the latter of such checks was issued, the account of defendant in his bank was "closed"; and that thereafter, when the said two checks were presented by the holder thereof to the bank for payment, the bank refused to pay the same.

An examination of the pertinent provisions of section 476a of the Penal Code, for the alleged violation of which defendant was prosecuted, discloses the situation that, in effect, it denounces the utterance of "any check . . . upon any bank . . . for the payment of money, knowing at the time of such . . . uttering . . . that the maker . . . has not sufficient funds in, or credit with said bank . . . for the payment of such check . . . in full upon its presentation".

From a consideration of the facts which related to the utterance of the two checks to which attention hereinbefore has been directed, it is clear that as to the issuance of neither of such checks did defendant place himself within the situation defined by the statute. Regarding the status of the banking account of defendant *"at the time of utterance"*, in substance the evidence was that "on the day that these checks were written, there was sufficient money in the bank to cover them";—from which it follows that had the checks been seasonably presented for payment, as far as defendant was concerned, each of them would have been paid "in full upon its presentation". It results that in the utterance of the two checks in question, at least no "similar offense" was committed by defendant.

With reference to the general rule in cases of the character of that here under consideration, in 8 Ruling Case Law, 202, the rule is thus stated:

" . . . Where a felonious intent is an essential ingredient of the crime charged, and the act is claimed to have been innocently or accidentally done, or by mistake, when the result is claimed to have followed the act lawfully done for a legitimate purpose, or where there is room for such an inference, it is proper to characterize the act by proof of other like acts producing the same result, as tending to show guilty knowledge, and the intent and purpose with which the particular act was done, and to rebut the presumption that might otherwise obtain. But the evidence of the other acts relied upon *must show them to be identical with*

*the act in question,* otherwise they have no probative value so far as this question of mistake or accident is concerned." (Citing *State* v. *Hyde,* 234 Mo. 200 [136 S. W. 316, Ann. Cas. 1912D, 191].)

In view of the circumstances which surrounded defendant at the time when he drew the check for the utterance of which he was placed on trial, it cannot be said that he was not prejudicially affected by the admission of the evidence which related to the two checks which were assumed to constitute "similar offenses". No other error specified by appellant requires consideration by this court.

The judgment and the order by which defendant's motion for a new trial was denied are reversed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 25, 1932, and the following opinion then rendered thereon:

THE COURT.—■ On petition for rehearing herein, notwithstanding the declaration by the bank officer that "on the day that these checks were written there was sufficient money in the bank to cover them", the attention of this court has been attracted to the statement of the bank account of defendant; from which it appears that, although at the time when defendant drew the first of the checks which were claimed to be the basis for the "similar offense" evidence, the balance then in defendant's said account was sufficient to pay said check—the amount owing to defendant was insufficient to meet the second check at the time when it was drawn; from which it is evident that at least as to one of the checks which was introduced in evidence against defendant no "similar offense" had been committed. The assumed fact that in the introduction in evidence of the second of such checks no error was committed would afford no excuse nor justification as to the first of such checks; nor would the damage done to defendant's substantial rights be thus repaired. Moreover, the evidence shows that defendant personally had not closed his account with the bank, but that at a time when defendant was in jail awaiting a hearing on the instant charge against him his account in the bank was closed by his wife.

But another reason why a ''similar offense'' was not committed by defendant exists in the fact that, in the face of the statute of which the substance hereinbefore has been set forth, no evidence whatsoever was introduced by which the essential fact that defendant had no ''credit with said bank'' was presented to the jury. To the contrary, as tending to prove the opposite of that necessary element of the offense, to wit, that defendant did have ''credit at the bank'', by the testimony of one of the officers thereof the fact was disclosed that on a former occasion defendant had ''an overdrawn balance of 51 cents''. With reference to the necessity of establishing both that at the time the check was drawn defendant had neither ''sufficient funds in (nor) credit with, said bank . . . for the payment of such check . . . in full upon its presentation'', in 12 California Jurisprudence, page 484, the rule is stated that ''the burden is upon the People to show that the defendant had neither funds nor credit with the bank to meet the check, it being held that the rule as to negative allegations concerning matters peculiarly within the knowledge of the defendant has no application''; citing *People* v. *Frey,* 165 Cal. 140 [131 Pac. 127] ; *People* v. *Owens,* 57 Cal. App. 84 [206 Pac. 473].

The petition for rehearing is denied.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 10, 1932.