THE STATE OF CONNECTICUT *vs.* ARMANDO OLAVIERI.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 5th—decided November 3d, 1937.

*Jeremiah D. Shea* and *John Clark FitzGerald,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellant (defendant).

*Spencer S. Hoyt,* with whom was *Samuel E. Hoyt,* State's Attorney, and, on the brief, *Abraham S. Ullman,* Assistant State's Attorney, for the appellee (the State).

PER CURIAM. The defendant was informed against for breaking and entering a building used for the storage and distribution of meat products. He had been employed at the plant for a considerable period, ceasing to work there about six months before the night of the crime. The State offered evidence of circumstances tending to prove that the goods stolen were removed in an automobile which the accused had admittedly been using on the night of the crime until about 1 a. m. and which he testified he left at that

(678)

time in front of the house where he lived, with the ignition locked, and found in the morning at the same place, locked; that in the car was found an iron tool the end of which exactly fitted a definite mark on the lower edge of the window, which had been forced to gain entry to the plant; that on the floor of the plant were found some burnt matches torn from a packet and one of these, torn diagonally across, corresponded exactly with a stub left in a packet found on the person of the accused; that there was sand in the creases between the soles and uppers of his shoes such as was in the yard of the plant outside the door through which the goods were removed; and that the places from which the articles were taken and their nature indicated a familiarity with the plant and the products stored in it on the part of the person taking them.

The defendant definitely accounted for his whereabouts that night until about 1 a.m. and he testified that at that time he went home and remained there the rest of the night; in this he was corroborated by his wife; and in certain other respects the evidence offered by the State was disputed. It was, however, for the jury to determine whether to credit the evidence offered by the defendant. The mere fact that some of the circumstances proven were capable of an explanation consonant with the innocence of the accused would not require the jury entirely to disregard them. *State* v. *Gallivan,* 75 Conn. 326, 331, 53 Atl. 731. Nor is it so that every fact indicating the guilt of the defendant which the State claimed to have been proven must have been found by the jury to have been established. *Commonwealth* v. *Webster,* 59 Mass. (5 Cush.) 295, 313. If the jury could reasonably have reached the conclusion that the cumulative effect of the facts they found proven established the

guilt of the accused beyond a reasonable doubt the verdict must stand, though the evidence was wholly circumstantial. *State* v. *Rome,* 64 Conn. 329, 30 Atl. 57; *Notarfrancesco* v. *Smith,* 105 Conn. 49, 53, 134 Atl. 151. We cannot say that the verdict was not one which the jury could reasonably have reached and the trial court was not in error in refusing to set it aside.

There is no error.