## STATE OF CONNECTICUT
*vs.*
## JOHN CERAVONE

Superior Court          New Haven County          File No. 6935
Criminal Session

MEMORANDUM FILED MARCH 4, 1941.

*Abraham S. Ullman,* State's Attorney, of New Haven, for the Plaintiff.

*Thomas R. Robinson,* Public Defender, of New Haven, for the Defendant.

BOOTH, J. The motion as filed consists of four paragraphs. The first and second, however, may well be considered as one claim, consisting of an allegation that the verdict in question should be set aside because it could not have been arrived at without speculation and conjecture on the part of the jury. The case is one in which the defendant was informed against for burglarizing a store in East Haven and for the larceny of $1,228.94 in money from the owner of the aforesaid store. It appeared in evidence that the store in question was in fact

burglarized between 8:30 and 9:30 p.m. on February 18, 1940, and that a safe containing the aforesaid money was stolen therefrom on the date alleged. These facts were not disputed by the defendant at the trial. The State offered evidence to prove that the safe was carried away from the store in a motor vehicle, the left rear tire of which was of a type known as a Swinehart tire, which had a peculiarly marked tread as indicated by impressions noted in the snow at the rear of the store; that the next day the safe was found in a swamp about a half-mile from the home of the accused and about five miles from the store in question; that, at the spot where it was found, there were impressions in the snow of a motor vehicle the left rear tire of which was a Swinehart tire which bore the same markings as those observed in the rear of the aforesaid store; that the location of the safe in relation to the tire marks indicated that the vehicle was in fact a motor truck; that the safe, when found, was in a broken condition, with the insulating material thereof broken and exposed, and minus the money in question; that on the day of the burglary and for eight days previously the defendant was the owner of a motor truck the left rear tire of which was of the type known as a Swinehart tire, which had the same markings as those upon the left rear tire of the motor vehicle which was used to transport the safe from the store to the aforesaid swamp; that this motor truck had admittedly been in the possession of the defendant at all times on the night of the burglary and that it had admittedly been operated, during this period, by no one but himself; that this automobile, when searched a few days after the burglary, contained two pairs of old gloves, one pair of which had sheepskin linings, a pair of old trousers and an iron bar, all of which the defendant admitted he had placed therein and all of which he admitted he owned; that on the floor of the truck, in the cracks of the floor, in the linings of the gloves, in the cuffs of the trousers, and impacted upon the aforesaid iron bar, there were quantities of plaster; that this plaster was of a peculiar type used as insulation in safes and was of the same character, type and composition as the insulation in the stolen safe. The defendant denied that he had anything to do with the claimed burglary or theft, and offered evidence to the effect that for several hours before and several hours after and during the time of the burglary he and his truck were at a point five miles from the store in question. He also offered evidence which tended to dispute the evidence offered by the

State concerning the similarity between the material which was used to insulate the safe and the plaster which was claimed to have been found in his automobile and upon the articles found therein.

It was, however, for the jury to determine whether to credit the evidence offered by the defendant. "The mere fact that some of the circumstances proven were capable of an explanation consonant with the innocence of the accused would not require the jury entirely to disregard them.... Nor is it so that every fact indicating the guilt of the defendant which the State claimed to have been proven must have been found by the jury to have been established.... If the jury could reasonably have reached the conclusion that the cumulative effect of the facts they found proven established the guilt of the accused beyond a reasonable doubt the verdict must stand, though the evidence was wholly circumstantial." *State vs. Olavieri,* 123 Conn. 678, 679. In the opinion of the court the verdict was one which the jury could reasonably have rendered and hence ought not to be set aside for the reasons set forth in paragraphs one and two of the motion in question.

The remaining claims of the motion as set forth in paragraphs three and four thereof are to the effect that the accused was deprived of a fair and impartial trial because of claimed improper conduct on the part of the attorney for the State. The first claim is that in his closing argument he made reference to a certain bit of evidence to which he did not, in his opening argument, refer. The matter involved certain marks on the bottom of the safe, Exhibit A, and their relation to the iron bar, Exhibit H. It had appeared in evidence that the safe had been mutilated. It bore numerous marks and there was evidence that some instrument had been used which made these marks. While it is true that in his opening statement to the jury the attorney for the State did not specifically indicate that he claimed the iron bar, Exhibit H, was the instrument which made any of the marks, he did call attention to the fact that the State claimed that a portion of the insulation of the safe had adhered to the iron bar. In his closing argument to the jury he exhibited to the jury certain marks on the botton of the safe and suggested that they consider whether the iron bar fitted these marks. No objection was made at the time, nor did the defendant in any manner indicate his desire to answer this remark. Had such request been made the court

would undoubtedly have afforded him such opportunity.

The second claim under this heading concerns another remark of the State's Attorney. Unfortunately, the court has been unable to secure an accurate statement of the precise words used. The remark was not transcribed by anyone, so far as the court has been able to discover, and counsel disagree concerning the exact context thereof. So far as the remembrance of the court goes, counsel for the accused had pointed out, in argument, what he considered to be the weaknesses in the State's case, and in connection therewith, after criticizing the methods employed by the police in preparing the case for trial and the methods employed by the chemist who appeared for the State, he made some criticism of the State's Attorney's office in relation to its claimed failure to promptly present the case for trial. In reply to this argument, counsel for the State stated to the jury, in effect, that while he claimed the criticisms of the defendant's counsel were unwarranted, that if the jury found otherwise and felt that the State's witnesses or the State's Attorney's office had in fact been unfair to the accused or had done anything improper in relation to the trial, a verdict of not guilty at their hands would receive his whole-hearted approval. No objection to this remark was made by counsel for the defendant at the time, nor was the court requested to instruct the jury concerning any claim in relation thereto. While perhaps a close analysis of the remark might suggest some impropriety in its phrasing, it did not impress the court at the time as being flagrantly improper, but rather a spirited reply to claimed unwarranted charges. In any event, it appears to the court that neither of the remarks now complained of were so flagrantly improper as to justify a setting aside of the verdict, nor that the making of either deprived the accused of a fair and impartial trial. Indeed, by failing to take exception to either until after the verdict was rendered, the defendant thereby waived his right to now press objections thereto. *State vs. Chapman,* 103 Conn. 453, 477; *State vs. Kirschenbaum,* 109 id. 394, 409.

For the foregoing reasons, the motion to set aside the verdict is hereby denied.