[Crim. No. 5339. Second Dist., Div. Two. June 24, 1955.]

THE PEOPLE, Respondent, v. CALVIN JACK SIZELOVE et al., Appellants.

106

Richard A. Haley for Appellants.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

MOORE, P. J.—From convictions of burglary and from the order denying their motions for a new trial, appellants seek a reversal on the grounds of asserted errors in rulings during the conduct of the trial and in refusing to give an instruction in the language proposed by them. While in their notice to the clerk they included the insufficiency of the evidence as a basis for appeal, it was not mentioned in their brief. Good reason: they were apprehended while attempting to escape and admitted having entered the home of Richard Koon in Lakewood. Defendant Hall besought his captor for a "break" to escape. Sizelove carried a putty knife with a blade about an inch long, and bore a cut over his shoulder blade which he declared had been caused by the bite of a dog. The Koon window was crashed out, the screen over a front window had been ripped off, the screen on the service porch was pried loose, the window was standing ajar, and the kitchen cupboards were open. The dresser drawers

and the closet door were open and purses, combs and feminine accessories were scattered about the rooms. Hall said to Deputy Conway: "I sure pulled a boner this time . . . that caper.*  I sure pulled a foolish trick going in that house."

■  The defense at the trial was based upon the testimony of both men who maintained that (1) they were drunk and (2) they were under the mistaken impression that they were "returning" to the house next door. But neither man was intoxicated when arrested, and the lady next door had no engagement for them to return and did not expect them.

Because prior convictions of felonies were charged against both men, the prosecuting attorney inquired of Sizelove the duration of his acquaintance with Hall and then "as a matter of fact, you and he were engaged together in bad check passing in the latter part of 1953." Objection was interposed on the ground that "this witness' character is not on trial at this time." The objection having been overruled, the witness answered: "That is correct."

Appellants now contend that the ruling was prejudicial; that there is no relationship between the burglary charged and the issuance of the fictitious checks in 1953; that it was an attempt to prove the burglary by evidence of a prior conviction and that such proof has no tendency to prove some material fact about the burglary. Such contention is error.

■  It is the law that evidence which tends logically and by reasonable inference to establish any fact material to the People's case or to any fact urged as a defense is competent although it may connect the defendant with a crime not included in the accusation. (*People* v. *Woods*, 35 Cal.2d 504, 509 [218 P.2d 981]; *People* v. *Morani*, 196 Cal. 154, 158 [236 P. 135].) ■  Such evidence is admissible when it tends to establish intent, guilty knowledge, motive, a common scheme, plan or system. (*Ibidem.*) ■  In the case at bar, the evidence showed that appellants were likely to hatch perfidious schemes. It served to rebut the defense that appellants were bent on a drinking spree and for that reason innocently sauntered into the Koon home in quest of whiskey. ■  Proof that the men had mutual interests in taking what did not belong to them was essential to overcome the defense of mistake. ■  After proving that appellants had by force entered a residence at nighttime, thrown its contents into disorder and fled through shattering glass to escape capture,

---

*A caper in burglarious circles means a burglary.—Officer Conway.

evidence of their joint criminal venture in 1953 was relevant on the question of their continued, criminal intentions.

■ The contention that the criminal act involved in the offered evidence must be identical with the crime charged is without support. *People* v. *Schneider*, 126 Cal.App. 749 [14 P.2d 1018, 15 P.2d 540], is not authority for appellants' contention on that point. It involved acts which did not constitute violations of the Penal Code. Therefore, they were not proof of criminal intent.

But for two other reasons, the ruling was correct. ■ (1) It is always competent to impeach a witness by showing that he has been convicted of a felony. ■ (2) The court's instruction, limiting the application of the evidence to impeachment and to the "limited purpose of showing that these two defendants were acquainted and the nature of this acquaintanceship in 1953, but for no other purpose" avoided prejudice. ■ The jury are presumed to have exercised their reason and to have obeyed the instruction. (*People* v. *Rogers*, 71 Cal. 565, 568 [12 P. 679]; *People* v. *Nakis*, 184 Cal. 105, 114 [193 P. 92].)

Appellants contend further that prejudice was committed by the court's failure to give on its own motion an instruction that to justify a conviction, the facts must not only be entirely consistent with the theory of guilt but must be entirely inconsistent with any other rational conclusion. Appellants cite, in support of such contention, *People* v. *Bender*, 27 Cal.2d 164 [163 P.2d 8]. It does not support their thesis. The court in the instant case directed the jury as follows:

"If the evidence in this case is susceptible of two constructions, or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of a defendant, and the other to his innocence, it is your duty under the law, to adopt that interpretation which will admit of a defendant's innocence and rejects that which points to his guilt.

"You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to a defendant's guilt, the entire proof must

carry the convincing force required by law to support a verdict of guilt.''

Thus, the Supreme Court had, in the Bender decision, already announced an even stronger rule, contrary to the contention of appellants. ▮ Moreover, the evidence of guilt is so bountiful as to compel the belief in appellants' guilt. Such being true, it is supererogation to argue the correctness of the court's rulings. No judgment shall be set aside on the ground of improper admission of evidence or error in instruction unless it is clearly apparent from the entire record that the error complained of has resulted in the miscarriage of justice. (Const., art. VI, § 4½.) ▮ Where there is no denial of breaking into the house and appellants do not question the sufficiency of the evidence of their burglarious entry and there is abundant proof of the charge, it must be apparent that the court's ruling did not result in an unjust verdict.

▮ The jury are presumed to have heeded the court's instruction that they were bound to acquit appellants if they heard evidence that was susceptible of any reasonable interpretation pointing to the innocence of appellants. ▮ Under the facts proved, it was not necessary to instruct as if only circumstantial evidence had been introduced. (*People* v. *Carson,* 74 Cal.App.2d 834, 843 [169 P.2d 677].) Appellants were seen on the premises, admitted entering the house, and were apprehended trying to escape.

▮ The juvenile plea that appellants forced their entrance into the Koons home by mistake and for the purpose of imbibing their liquor is of such texture as to import further proof of their guilt. It would have been a reasonable inference for the jury that such a plea was intentionally fabricated for the purpose of deceiving the court and to conclude that appellants had no honest explanation. It does not jibe with the disheveled and ransacked condition of the furniture and cabinets of Mr. Koon and the rifling of the purse by the burglars. (*People* v. *Wayne,* 41 Cal.2d 814, 823 [264 P.2d 547].)

The judgment and the order denying the motion for a new trial are affirmed.

McComb, J., and Fox, J., concurred.