[Crim. No. 3577. First Dist., Div. One. Nov. 29, 1960.]

THE PEOPLE, Respondent, v. LURDIE PRICE, Appellant.

Richard A. Bancroft, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Joseph I. Kelly, Deputy Attorneys General, for Respondent.

DUNIWAY, J.—Defendant was convicted of assault with a deadly weapon (Pen. Code, § 245), and he appeals. The evidence is ample to sustain the conviction, and appellant does not contend otherwise. Through court-appointed counsel, he urges error in that the court did not specifically instruct the jury that the burden of proof was on the state. Both sides waived written instructions, and defendant did not request any instruction upon the subject of burden of proof.

The court did give the following instructions: "In every criminal proceeding under our system of criminal jurisprudence the defendant is presumed to be innocent until the contrary is proven, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal. The presumption of innocence attaches at every stage of the case, and to every fact essential to a conviction.

"Reasonable doubt, ladies and gentlemen, is that state of the case which, after an entire comparison and consideration of all of the evidence, leaves your mind in that condition that you cannot say you feel an abiding conviction to a moral certainty of the truth of the charge.

"The law, however, does not require demonstration; that is, such a degree of proof as excluding possibility of error, produces absolute certainty, because such a high degree of proof is rarely possible. Moral certainty only is required, or, in other words, that degree of proof which produces conviction in an unprejudiced mind.

"By reasonable doubt is not meant every possible or fanciful conjecture that may be imagined by you or may be suggested to you or surmised by you. The rule is not that there must be an acquittal in all cases of mere possible doubt, because everything relating to human affairs and depending upon moral evidence may be open to some possible or imaginary doubt ...

"If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

"You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt."

 Defendant's complaint is that the court did not insert, immediately following the first sentence of the foregoing instructions, the qualifying language appearing in Penal Code, section 1096: "but the effect of this presumption is only to

place upon the state the burden of proving him guilty beyond a reasonable doubt." We are admonished that "We must attribute some reasoning power to a jury" (*People* v. *Boggs*, 12 Cal.2d 27, 35 [82 P.2d 368]). It appears to us that the omitted language if included, would make the total instruction slightly less favorable to the defendant than it was without that language. We cannot see how a body with reasoning power could fail to conclude, from the instructions given, that the state had the burden. It may well have concluded that the burden is heavier than it actually is. Under the circumstances, defendant was not prejudiced. (*People* v. *Newell*, 192 Cal. 659, 671-672 [221 P. 622]; *People* v. *Sizelove*, 134 Cal.App.2d 104, 109 [285 P.2d 4]; *People* v. *Castro*, 68 Cal.App.2d 491, 497-498 [157 P.2d 25].)

*People* v. *Soldavini*, 45 Cal.App.2d 460 [114 P.2d 415], relied upon by appellant, is not in point. There, the court did not instruct on either the presumption of innocence or the burden of proof.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.