[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to settle title to real estate pursuant to General Statutes § 47-31 (b).
The real estate under dispute is pastoral land located in Glastonbury. Both parties have asserted that they believed they held record ownership, but concede that neither can prove such ownership. Consequently, their claim in this action is ownership by virtue of adverse possession.
The mistaken belief of ownership does not prevent an assertion by either party of a claim of adverse possession, so long as either party is able to establish the elements of adverse possession. Public Storage v. Eliot Sheet LimitedPartner, 20 Conn. App. 380, 385 (1989).
Title to property by adverse possession may be acquired if the possession or "use has been continued uninterrupted for fifteen years". General Statutes § 47-37, Reynolds v. Soffer,190 Conn. 184 187 (1983).
The possession must be open and visible, as well as continuous and uninterrupted. Kaiko v. Dolinger, 184 Conn. 509, 510 (1981).
A claim of right and an intent by the possessor to use the property as his own are among the essential elements of adverse possession. Baton v. Potvin, 141 Conn. 198 (1954). CT Page 3274
At the trial of this case, both sides presented evidence of their adverse use. The plaintiff presented witnesses and evidence that he and his family had used the land since the 1940's for pasturing of cows and later for logging. They have paid the taxes on the property since 1960. The neighbors had regarded this property as belonging to the plaintiff. A stone fence, although breached by disrepair, has long divided the property from the defendants' property.
The defendants presented evidence of their allowing hunters to use the property for over fifteen years.
The court finds that the weight of the evidence favors the plaintiff who has established his claim of adverse possession by a fair preponderance of the evidence. Of telling significance, in addition to the plaintiff's open use by pasturing and logging, is the payment of taxes. It is "powerful evidence of a claim of right." See Deer IslandAssociates v. Trolle, 181 Conn. 201, 204 (1980); Wren v.Parker, 57 Conn. 529, 531 (1889).
The court is therefore of the opinion that judgment should be and is rendered in favor of the plaintiff.
The plaintiff has submitted a proposed judgment file to the court which the court approves and adopts. A copy of the judgment is ordered to be filed in the Town Clerk's Office in the Town of Glastonbury in accordance with this decision.
Freed, J.