[No. 11140. Department Two. November 29, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v.
FATEH-MOHAMED, *Appellant*.[1]

ROBBERY—EVIDENCE—SUFFICIENCY. There is sufficient evidence to sustain a conviction of robbery where the story of the prosecuting witness as to being attacked, robbed, and thrown into the water was fully corroborated by his condition shortly after, and by pools of blood at the place of the attack, and his purse, the contents of which he had correctly described, was a few hours later found concealed in the mattress upon which the defendant was sleeping; and the fact that he positively identified two others who assisted the defendant and were acquitted on an alibi, is immaterial.

CRIMINAL LAW—EVIDENCE—PHOTOGRAPHY. In a prosecution for robbery, in which the victim was wounded in the neck, it is discretionary to receive in evidence a photograph correctly showing his condition at the time it was taken a few days after the assault, where the condition had not materially changed.

[1]Reported in 136 Pac. 676.

CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILI-
GENCE. A new trial for newly discovered evidence is properly re-
fused where the same was merely cumulative, and no diligence had
been used to secure it before the trial.

Appeal from a judgment of the superior court for Che-
halis county, Sheeks, J., entered November 23, 1912, upon a
trial and conviction of robbery. Affirmed.

*Hogan & Graham*, for appellant.

*J. E. Stewart, A. Emerson Cross*, and *O. M. Nelson*, for
respondent.

PARKER, J.—The defendant, Fateh-Mohamed, and two
others were jointly charged by information, filed in the su-
perior court for Chehalis county, with the crime of robbery.
All three were tried jointly, resulting in the conviction of
Fateh-Mohamed and the acquittal of his codefendants. From
such conviction, he has appealed to this court.

The principal contention made by counsel for appellant is
that the evidence does not justify the verdict and judgment
rendered against him, and that he is entitled to an acquittal
as a matter of law, or, in any event, to a new trial. We have
carefully read the entire evidence and find ourselves unable to
agree with this contention. The evidence is in serious con-
flict, especially on the question of the identity of appellant's
two codefendants as participants in the alleged robbery.
Counsel's contention is principally that, since the identity
of appellant's codefendants as participants in the crime rested
entirely upon the positive testimony of the prosecuting wit-
ness, and that since the jury must have disbelieved his tes-
timony upon that subject, he was thereby so discredited as
a witness as to warrant the court in interfering with the
verdict of "guilty" against the appellant. It is true that the
prosecuting witness did testify positively that appellant's
two codefendants were present and assisted in robbing him,
and that there was no corroborating testimony upon that
subject, while there was positive testimony of their being else-

where at the time, which testimony the jury must have believed, and disbelieved that of the prosecuting witness. If there were no other evidence tending to show that the prosecuting witness was robbed at the time, and that appellant participated therein, there would be some merit in this contention.

The prosecuting witness testified, in substance, among other things, that he was attacked by all of these defendants while crossing a bridge over a slough near Aberdeen, when he was cut upon the head, beaten and thrown over the railing of the bridge into the water, and at the same time was robbed of his watch and purse by his assailants. This occurred, according to his story, about 10 o'clock on the night of July 27, 1912. A short time thereafter, probably within an hour, he was met upon the road leading from the bridge towards Aberdeen by witnesses who then saw that he had been seriously injured and that he was bleeding from injuries on his head. Soon thereafter, he went to the police station, where he told of being robbed by the defendants and where his injuries were also noticed by the officers, who also noticed that his clothes were very wet as though he had fallen into the water, all of which they testified to upon the trial. He was there furnished with dry clothing and taken by the officers in a conveyance back over the bridge and some distance beyond, to the homes of the three defendants, who lived in shacks near the West Lumber Company's mill, where they were working. Upon searching the shack of appellant, the officers found the purse which the prosecuting witness claimed had been taken from him at the time of the robbery, under the mattress of the bed in which appellant was sleeping alone, he being in bed at the time of the arrival of the officers. Appellant did not claim the purse as belonging to him, and said he did not know how it came there. The prosecuting witness described the contents of the purse before it was opened, that is, the quantity and denominations of the money contained therein, and also a receipt issued to him for money de-

posited by him with the Grays Harbor Commercial Company.
Upon opening the purse, his description of the contents was
found to be correct by the officers.   The finding of the purse
in appellant's bed occurred only three or four hours after
the assault made upon the prosecuting witness at the bridge.
Some pools of blood were found upon the floor of the bridge
the following morning at the place where the prosecuting wit-
ness claimed to have been assaulted.   He claimed to have
been choked and also cut upon the head, and when examined
at the hospital, there were found incisions upon his head as
though cut by a sharp instrument, and also bruises upon his
neck as if made by the fingers of a person.   There was also
introduced in evidence a photograph of the prosecuting wit-
ness, showing his neck in its injured condition, taken some
five or six days following the alleged robbery.   In view of
these corroborating circumstances, we cannot see our way
clear to disturb the verdict of the jury, notwithstanding the
manifest untruth of the prosecuting witness' testimony going
to the identification of the two defendants who were acquitted.
The jury were not obliged to disbelieve all of the prosecut-
ing witness' testimony, in the light of these corroborating
circumstances.

It is contended that the introduction of the photograph of
the prosecuting witness, showing the injured condition of
his neck, was erroneous.   There was oral testimony tending
to show that this photograph correctly showed the condition
of his neck at the time it was taken, and that such condition
was not different from its condition immediately following
the alleged assault, except such changes as five or six days'
time would ordinarily show.   The introduction of photo-
graphs under such circumstances is a matter of sound dis-
cretion in the trial court.   It seems clear to us that such
discretion was not abused in this case.   17 Cyc. 416.   The
following decisions deal with the question of the admissibility
of photographs in evidence, and the court's discretion relative
thereto, and are in harmony with the conclusion that we here

reach: *Franklin v. State,* 69 Ga. 36, 47 Am. Rep. 748; *State v. Powell,* 5·Pen. (Del.) 24, 61 Atl. 966; *Harris v. City of Ansonia,* 73 Conn. 359, 47 Atl. 672; *State v. Matheson,* 130 Iowa 440, 103 N. W. 137, 114 Am. St. 427; *State v. Roberts,* 28 Nev. 350, 82 Pac. 100; *Baustian v. Young,* 152 Mo. 317, 53 S. W. 921, 75 Am. St. 462, and note on p. 473.

Some contention is made that appellant is entitled to a new trial because of newly discovered evidence. The answer to this contention is that the claimed newly discovered evidence, as shown by the record, is little else than cumulative of that which was given upon the trial; and there is no showing that it could not have been discovered, with reasonable diligence, before the trial. Some contention is also made that the court erroneously restricted cross-examination of witnesses and erroneously instructed the jury. These contentions, however, we regard as so entirely without merit that they do not·require discussion.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.