[No. 27057.  Department Two.  July 20, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH R. O'DONNELL, *Appellant*.[1]

[1]Reported in 81 P. (2d) 509.

Leonard M. Wilcox and Andrew L. Ulvestad, for appellant.

B. Gray Warner, John M. Schermer, and Harry A. Bowen, for respondent.

BLAKE, J.—The defendant was charged jointly with Lester A. Rorick and John James O'Donnell with the crime of murder in the first degree on two counts. Rorick pleaded guilty. The defendant and John O'Donnell stood trial. From judgments entered on verdicts of guilty, they appealed to this court. The judgments were reversed and the cause remanded for new trial. *State v. O'Donnell*, 191 Wash. 511, 71 P. (2d) 571. They were again tried and convicted. From judgment on the verdict imposing the death penalty, the defendant Joseph O'Donnell appeals.

Since the state's evidence at the second trial was substantially the same as that adduced at the first trial, and since a comprehensive resume of the facts relied upon for conviction by the state may be found in the opinions on the former appeal, we shall here refer to the evidence only in so far as necessary to a discussion of the errors charged on this appeal.

Appellant makes eight assignments of error, which may be discussed under three heads: (1) Error in denying appellant's motion for a separate trial; (2)

error in the admission of evidence; (3) misconduct of the prosecuting attorney.

■ *First:* Our attention has not been directed to any evidence that would not have been admissible had appellant been standing trial alone, except evidence introduced by John O'Donnell tending to prove an alibi. We fail to see how such evidence could in any way work to appellant's prejudice. The trial court did not abuse its discretion in denying appellant's motion for a separate trial.

■ *Second:* The state's case rests primarily upon the testimony of the accomplice Rorick. While, in this jurisdiction, a conviction may be had on the uncorroborated testimony of an accomplice, it is not only the right, but the duty, of the state to corroborate such testimony, in so far as it can, by competent and relevant evidence.

Rorick testified that he met appellant and John O'Donnell at the Elk Tavern; that, upon alighting from his car, appellant took from a secret compartment a bolt cutter and an electric drill. With the bolt cutter, they gained entrance to the building. With the electric drill, they opened the cabinets in which the slot machines were locked. A bolt cutter and an electric drill were found at the scene of the murders. They were admitted in evidence. When shown to Rorick, he identified them as those produced by appellant and used in the manner indicated. Upon further interrogation by the state's attorney, he testified:

"Q. Had you ever seen this before that night? A. Yes. Q. Where did you see it? A. It was stolen from a garage on Fourth avenue. Q. Who stole it? A. Joe [appellant] and I."

Thereafter, one Hammons was called as a witness by the state, and testified that he owned and operated an automobile repair shop on Fourth avenue; that four

or five months before the murders, his shop had been burglarized; that, among other things taken, was a bolt cutter and an electric drill; that the bolt cutter and electric drill in evidence were those taken from his shop at that time. Appellant objected to all of this evidence, on the ground that it put in issue another crime wholly disconnected with those with which he stands charged. If this objection is well taken, it goes without saying that the evidence is highly prejudicial.

This court is committed to the general rule that when a man is put on trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone; and that, under ordinary circumstances, proof of guilt of one or more other offenses is to be excluded. *State v. O'Donnell, supra.* But the court has also held that, if evidence is relevant to the issue, it is not to be excluded because it may tend to show that the accused has committed another and different crime. *State v. Dana,* 59 Wash. 30, 109 Pac. 191; *State v. Leroy,* 61 Wash. 405, 112 Pac. 635.

Now, the question is: Has the evidence with respect to the bolt cutter and electric drill any relevancy to the issues in the instant case? If it has, it is competent. That it is relevant, we think is apparent in the light of the right and duty of the state to corroborate the testimony of Rorick, the accomplice. That the evidence tends to corroborate Rorick at a material point, goes without saying. But it goes further than that. It tends to prove that instrumentalities used to perpetrate the crimes with which appellant is now charged were in his possession. In other words, it tends to identify appellant with instruments used in committing the murders with which he is charged. For such purpose, there is no doubt about the admissibility of the evidence, even though it tends to

show that appellant committed another crime at a different time.

While the authorities are not numerous, they seem to be unanimous in holding that instrumentalities used to commit a crime, and found at the scene or in the possession of the person charged, may be traced to their source, if the evidence has any tendency to establish the identity of the accused, even though it tends to prove they were stolen. 1 Wharton's Criminal Evidence (11th ed.), 490, § 345; *People v. Rogers,* 71 Cal. 565, 12 Pac. 679; *State v. Arthur,* 135 Iowa 48, 109 N. W. 1083; *Wilson v. State,* 103 Tex. Crim. App. 403, 281 S. W. 844; *People v. Booth,* 72 Cal. App. 160, 236 Pac. 987; *Miller v. State,* 130 Ala. 1, 30 So. 379; *People v. Nakis,* 184 Cal. 105, 193 Pac. 92; *People v. Buskievich,* 330 Ill. 532, 162 N. E. 196.

In the case last cited, the court, commenting on such evidence, said:

"The testimony on rebuttal relating to the taking of the shotgun from Arthur Smith's camp on August 16, 1925, it is insisted, was erroneously admitted. Parks denied knowledge or possession of the gun or that he had taken any part in the commission of the crime. By this testimony it appeared that the gun left at the roadhouse at the time Hansen was murdered had been taken from Smith's camp more than two months before by three persons, of whom Parks was one, and that Parks had possession of the gun prior to October 30, 1925. The testimony was admissible, not for the purpose of showing the commission of an independent offense in which Parks was implicated, but because it had a tendency to establish a link in the chain of evidence connecting Parks with the murder of Hansen, the subject matter of the instant indictment. Any evidence which tends to identify the accused as the person or one of the persons who committed the particular crime charged is admissible even though it may tend to show him guilty of another offense."

We are satisfied that the evidence to which we have referred, relating to the bolt cutter and electric drill, was relevant and competent—as much so as the evidence, admitted without objection, relating to the construction of the secret compartment in appellant's car, in which the bolt cutter and electric drill were carried.

■ Appellant complains of the admission of certain photographs in evidence, showing the position and condition of the body of Officer Sickles at the scene of the murder. Under the rule laid down in *State v. Fateh-Mohamed,* 76 Wash. 462, 136 Pac. 676, and followed in *State v. Tyree,* 143 Wash. 313, 255 Pac. 382, and *State v. Gaines,* 144 Wash. 446, 258 Pac. 508, the trial court did not abuse its discretion in admitting the photographs, although it does appear that one of them was taken at the morgue and not at the scene of the murder.

■ Appellant complains that the state was permitted to impeach one of its own witnesses, Mrs. Finch, who testified at the former trial. She lived near the Elk Tavern, and she testified as to what she heard and saw from the window in her home. At the second trial, after a lengthy cross-examination, the state's attorney was permitted to read certain questions and answers from the transcript of her testimony in the former trial. We find nothing in her testimony as read from the transcript of the former trial which is inconsistent with her testimony at this trial. While we fail to see any reason for permitting any of her testimony at the former trial to be read, we do not think any possible prejudice resulted to appellant by reason of it. Certainly he points to none.

■ The appellant, conducting his own defense, cross-examined Detective Yoris, as follows:

"Q. You stated that I made a statement that I would testify in court, did you not? A. Yes. Q. And that

I would tell my story when I got in court? A. That is right. Q. And isn't it a fact, Mr. Yoris, I did tell my story, or tried to when I was tried? A. Well, you confessed to the killing, yes— · Q. I didn't ask you what I confessed. I asked you if I testified. A. Yes, you told the story."

Appellant complains that the answer "you confessed to the killing" was prejudicial and constituted misconduct on the part of the witness. No motion was made to strike the answer. But in the absence of such a motion, we may say that, while the answer was no doubt more specific than was to be expected, it was not unresponsive. The answer being responsive to the question, appellant has no ground for complaint.

■ *Third:* The misconduct of the prosecuting attorney of which appellant complains consists (a) in a comment made in the closing argument on the testimony of Detective Yoris, to which we have referred; (b) of an assertion made by the prosecuting attorney in his opening statement to the jury, to the effect that the state would show where the bolt cutter and electric drill came from; that Rorick would testify that he and appellant obtained them in a burglary of the Hammons shop; and that Hammons would testify that they had been stolen from his place.

With respect to the latter, it is enough to say that it is not misconduct for the prosecutor, in his opening statement, to forecast testimony which is properly admissible. Nor, with respect to the former, is it misconduct for him, in his argument to the jury, to comment upon evidence in the record.

Judgment affirmed.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.