[No. 30967. Department Two. July 29, 1949.]

THE STATE OF WASHINGTON, *Respondent,* v. HAROLD
RAYMOND COE, *Appellant.*[1]

[1]Reported in 208 P. (2d) 863.

*Everal Carson,* for appellant.
*Raymond C. Sly* and *R. DeWitt Jones,* for respondent.

GRADY, J.—The appellant, Harold Raymond Coe, and Lewis Donald Lillard were jointly charged with the crimes of murder in the first degree, robbery and larceny. The appellant had a separate trial before a jury and was found guilty of murder in the first degree and robbery. A judgment was entered on the verdicts, from which this appeal has been taken. The information, although containing separate counts, is based upon Rem. Rev. Stat., § 2392 [P.P.C. § 117-5], which provides:

"The killing of a human being, unless it is excusable or justifiable, is murder in the first degree when committed either— . . .

"3. Without design to effect death, by a person engaged in the commission of, or in an attempt to commit, or in withdrawing from the scene of, a robbery, rape, burglary, larceny or arson in the first degree; . . ."

The appellant does not question the sufficiency of the evidence to sustain the verdicts of the jury. His assignments of error raise issues of law, and therefore it will not be necessary to make any factual statement other than to refer to relevant facts as each claim of error is discussed.

Appellant's codefendant, Lillard, was called as a witness by respondent. On cross-examination by counsel for appellant, the witness was asked:

"Q. Isn't it a fact that in this case pending before this court now for the murder of William O. Fischer you pleaded guilty to Second Degree Murder? A. Yes, sir, I did."

We think a better word-picture of what then transpired can be portrayed if we quote from the record than if we attempted to set it forth in narrative form.

"MR. SLY: [One of counsel for respondent] I make a motion that the State be permitted to show that that plea

in the records of this court is a nullity and that it will be stricken because it is not in conformity with the law of this State and cannot stand. THE COURT: Objection? MR. CARSON: I object to that motion. THE COURT: The court will sustain the Counsel, because that is true. The plea is a nullity. . . . The Court knows what was done in front of the court. We know that. I can't speak for Mr. Sly. MR. SLY: If it please the Court, there was nothing done that was not done in the presence of the court. THE COURT: What we have done in the presence of the court is this; the court was asked if he would accept a plea of guilty to Second Degree Murder and the court said yes, he would. Isn't that correct? MR. SLY: That is correct. THE COURT: If the plea is a nullity, a void plea, the Court has no right to accept it and I state further that this man's counsel has been so told. I don't know whether this lad has been told or not but his counsel has been so told."

It is apparent from the foregoing that appellant was seeking to show that the witness had been convicted of the crime of murder in the second degree for what bearing that fact might have upon his credibility. When the court ruled that the plea of guilty could not be used for that purpose, appellant offered in evidence the written record of such plea. The court sustained an objection to its reception. Appellant contends that the trial judge made a prejudicial comment on the evidence, and erred in excluding from the evidence the record plea of guilty made by Lillard.

█ We are not in accord with appellant that the trial judge made any comment with respect to any matter or fact in violation of § 16 of Art. IV of the Constitution, which provides that:

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

The court had been called upon by proper objection to rule whether one charged with murder in the first degree as defined by Rem. Rev. Stat., § 2392 (3) could lawfully enter a plea of guilty of murder in the second degree. All the trial judge did was to state what had taken place before him when the witness had made a request to the court that he be permitted to enter a plea to a lesser charge than had

been made against him. The remarks of the trial judge were all made in connection with the ruling of the court that the plea entered was a nullity. Remarks or comment made by a judge when deciding upon the admissibility of evidence not addressed to the jury but to counsel are not regarded as a comment on the facts of the case on trial. *State v. Surry,* 23 Wash. 655, 63 Pac. 557; *State v. Brown,* 19 Wn. (2d) 195, 142 P. (2d) 257; *State v. Gross,* 31 Wn. (2d) 202, 196 P. (2d) 297, and cases cited.

The part of the record evidencing the plea of guilty of murder in the second degree by Lillard was not admissible in evidence, and the court was correct in rejecting the offer. The statute under which Lillard was charged would not permit a conviction of murder in the second degree under the undisputed facts of the case, and it would necessarily follow that a plea of guilty to such offense could not be entertained. The appellant argues that when the plea of Lillard was originally accepted it must be presumed that the court was fully advised of all the circumstances surrounding the homicide, and, having accepted such a plea, it was valid, and that the court erred in not allowing it to become a part of this record and in refusing to permit counsel for appellant to refer to it as conviction of that offense. Attention is called to *State v. Cooley,* 165 Wash. 638, 5 P. (2d) 1005, in which one charged with a homicide in connection with a robbery was convicted of manslaughter. In that case the defendant pleaded self-defense, and there was evidence tending to show that the deceased struck at the defendant and that he retaliated. In such a case it would be for the jury to determine whether the homicide was committed in the course of the robbery or during the physical encounter between the deceased and the defendant independent of the attempt to commit robbery. We have no such situation here, nor is there any room for any presumption that the court had any facts before it to bring the case within any exception to the rule. The same trial judge who received the original plea of guilty to second degree murder presided at the trial of the

case. When ruling upon the question as to the validity of the plea of guilty to murder in the second degree by Lillard, the trial judge knew that there was no fact or circumstance in connection with the plea that would warrant it being allowed to stand and committed no error in refusing to allow the fact of such a plea to go before the jury.

One of the defenses relied upon by appellant was that he did not know Lillard was going to make the assault upon the deceased which resulted in his death, and that he was intimidated by Lillard with reference to what thereafter took place. On cross-examination counsel for respondent interrogated appellant concerning his previous acquaintance and connection with Lillard. The cross-examination developed that appellant first met Lillard in the spring of 1948 at a United States naval hospital. When they left the hospital they visited Lillard's home in Los Angeles. They left the Lillard home together, and appellant learned that Lillard was carrying a pistol. Over objection of appellant the witness was permitted to testify that a taxi was engaged and after it had traveled a few miles he had the driver stop. He then got out of the taxi, drew his pistol and ordered the driver to vacate. The taxi driver was required to surrender possession of his personal property and it was taken by appellant. The parties drove away in the taxicab and shortly thereafter abandoned it. This occurred on July 20th. Lillard and the appellant later separated and again met at appellant's home on July 24th. On the evening of July 24th, appellant and Lillard started on a trip to Hood River, and while on the way the offense for which appellant was on trial was committed.

The court received the evidence for what probative value it might have as to the intent of appellant and his fear of Lillard because he carried a pistol. It is contended that the state was allowed to prove a separate and independent crime committed by appellant, and he invokes the rule that in the prosecution of a defendant for the commission of one crime, the state cannot submit evidence that the defendant at some prior time had committed some other

crime. Whenever this situation arises it is necessary to determine whether the inquiry made is with reference to matters relevant to the issue before the court. Evidence, if relevant, is not to be excluded because it may tend to show that the accused had committed or may have been a party to the commission of another and different crime. The evidence was relevant as it tended to show that appellant was not the innocent bystander he claimed to be when the attack was made upon the deceased by Lillard and that what was done by him thereafter was not induced because of any fear he had of Lillard. *State v. Bradley,* 190 Wash. 538, 69 P. (2d) 819; *State v. O'Donnell,* 195 Wash. 471, 81 P. (2d) 509; *State v. Lew,* 26 Wn. (2d) 394, 174 P. (2d) 291; 20 Am. Jur. 290, Evidence, § 311. In his instructions the trial judge informed the jurors of the limited use they might make of such evidence.

The final contention made is that one cannot be guilty of robbery if the victim is a deceased person. As an abstract principle of law this is true, as essential elements of the crime of robbery would necessarily be lacking. However, that principle cannot apply here, because the robbery and the homicide were all a part of the same transaction, and the fact that death may have momentarily preceded the actual taking of the property from the person does not affect the guilt of the appellant in the commission of the crime charged. The appellant and Lillard were riding in an automobile with the deceased. The appellant was in the front seat with the deceased and Lillard was in the back seat. Lillard struck the deceased on the head with a revolver, and, upon a show of resistance, Lillard then shot and killed the deceased. The appellant took the body of the deceased from the automobile. He and Lillard conveyed it a distance from the road and took the property from the clothing of the deceased. This is not a case where the rule contended for by appellant has any application. It is not a case where the only act was the taking of property from the person of one deceased. The robbery commenced with the first overt act on the part of Lillard. The

robbery and the homicide were so interwoven with each other as to be inseparable and thus present a situation clearly contemplated by Rem. Rev. Stat., § 2392 (3).

We find no error in the record, and the judgment is therefore affirmed.

JEFFERS, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.

