**Donald MAHONE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8606–CR–592.**

Supreme Court of Indiana.

July 25, 1989.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the murder of George Dawkins in the perpetration of a robbery, for which he received a fifty (50) year sentence. He also was convicted of the murder of Walter Ivey in the perpetration of a robbery, for which he received a sentence of fifty (50) years, the sentences to run consecutively.

The facts are: On January 5, 1985, appellant and several others were in the home of Richard Reese in East Chicago. While there, alcoholic beverages were consumed and marijuana was smoked. Florida Reese, the sister of Richard Reese, testified that she observed that appellant was carrying a small handgun and that he stated "I'm so drunk, I don't care if I rob the president today." The party became so boisterous that Reese's grandmother demanded that they all leave, which they did.

One of the party, Rodney Samuels, told appellant that he was going to the apartment where Walter Ivey lived and told appellant that he could obtain oral sex there for money. When the two arrived at the apartment, Jerome Buck and George Dawkins were already there. Shortly after arriving, Ivey accused Samuels of stealing a bottle of cologne the day before. He asked Samuels to leave or he would call the police. Samuels refused to leave and an altercation occurred.

Buck testified that when Dawkins grabbed Samuels, appellant pulled a gun at which time Buck fled out the back door. Samuels testified that Dawkins fought with him and threw him on the couch. Samuels then heard a noise, and when he arose from the couch, he saw Dawkins grab his blood-stained chest and fall to the floor. Appellant then grabbed Ivey and threw him to the floor. Appellant instructed Samuels to get the videocassette recorder and the television set. Appellant then walked to another room. Samuels dropped the videocassette recorder and fled.

Neighbors heard the disturbance and called police. When police arrived, they found both Ivey and Dawkins shot to death. In addition to the gunshot wounds, Dawkins had multiple stab wounds to the chest with a butcher knife still protruding. The pathologist testified that Dawkins died from bullet lacerations to the brain and the stab wounds to the chest. Ivey died from bullet lacerations to the brain.

■ Appellant claims the verdict of the jury is not sustained in that there is insufficient evidence that a robbery occurred. He claims the most the evidence shows is that theft of articles occurred following the homicides and that there is no showing of intent to rob at the time the homicides were committed. However, before appellant ever left the Reese home, he stated that he was drunk enough to rob the president.

When Samuels and appellant arrived at the home of the decedents, neither removed his jacket. The confrontation occurred almost immediately, and during the shooting, appellant ordered Samuels to get the video-cassette recorder and the television set. There is ample evidence in this record from which the jury could deduce that appellant had the intention to rob the victims at the time he accompanied Samuels to Ivey's home. Although appellant told a story of self-defense and defense of Samuels during the altercation, the jury was required to weigh the testimony of the various witnesses and ascertain the truth therefrom.

Appellant also contends there is insufficient evidence in that even if theft did occur, it did not occur until after each of the victims had died; therefore, the jury should have determined that theft was an afterthought following the homicides and that there was no evidence of intent to rob at the time appellant fired the fatal shots. In similar factual situations, this Court has held that, "A crime that is continuous in its purpose and objective is deemed to be a single uninterrupted transaction." *Eddy v. State* (1986), Ind., 496 N.E.2d 24, 28.

In other jurisdictions, the specific question of whether robbery was intended at the time the victim was killed is a matter which may be determined from the facts. A jury is justified in finding that although the killing actually occurred before property was taken, the crime should be considered as a continuing act and cannot be separated to place the killing outside of the intent to rob. *See United States v. Bolden* (D.C.Cir.1975) 514 F.2d 1301; *Johnson v. State* (1985), Ala.Crim.App., 479 So.2d 1377; *State v. Coe* (1949) 34 Wash.2d 336, 208 P.2d 863.

If we were to adopt appellant's theory in this case, any perpetrator could avoid the felony murder statute by killing his victim before taking any of the victim's goods. We agree with the above-cited authorities that such a position is untenable, and when the killing and the robbery constitute a single ongoing occurrence, the jury is justified in finding that the perpetrator is guilty of a violation of the murder/felony statute.

Appellant also claims this Court should find the evidence insufficient because the testimony by the State's witnesses is not worthy of belief—that it is "vacillating, ambiguous, contradictory, weak, improbable, and uncertain." Although it is true that a portion of the State's evidence was the testimony of Samuels, Buck, and one Charles Harris, who testified that appellant told him of the incident shortly after it had occurred, appellant's claim that these witnesses should not have been believed is an argument to be addressed to the jury but not to this Court.

Although the testimony of Samuels and Buck could have been viewed with some skepticism because of their potential involvement in the crime and their desire to protect themselves, these facts were fully presented to the jury for their evaluation. We do not find their testimony to be so lacking in credibility as to be disregarded by this Court. Here again we will not invade the province of the jury and attempt to reweigh that evidence. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs as to conviction of murder but dissents as to conviction of murder in the perpetration of a robbery.