**James BOLES, Appellant–Defendant**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A05–9110–CR–341.**

Court of Appeals of Indiana,
Fifth District.

July 14, 1992.

Steven C. Smith, Anderson, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

James Boles brings this interlocutory appeal to challenge the trial court's denial of his motion to dismiss the charge against him for conspiracy to commit dealing in cocaine. He raises two issues for our review which we consolidate and restate as whether prosecution of the conspiracy

charge subjects Boles to double jeopardy where he was acquitted of the underlying substantive offense of dealing in cocaine.

We affirm.

## FACTS

On September 19, 1990 Boles accompanied his nephew, Todd Jones, to purchase cocaine and he was arrested after Jones purchased the cocaine. Boles and Jones had discussed getting some cocaine while they were at Boles' home in Madison County. The two then drove to Delaware County to purchase the cocaine. Boles was charged with dealing in cocaine in Delaware County and he was charged with conspiracy to commit dealing in cocaine in Madison County. Boles was acquitted of the dealing charge in Delaware County. Prior to trial on the conspiracy charge in Madison County, Boles filed a motion to dismiss on the ground that prosecution for conspiracy would subject him to double jeopardy. The trial court denied the motion and certified this issue for interlocutory appeal.

## DISCUSSION

Boles acknowledges that under the traditional double jeopardy analysis the conspiracy prosecution is not barred because the conspiracy and the dealing statutes each require proof of a fact which the other does not. *See Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. However, he points us to *Grady v. Corbin* (1990), 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548, wherein the Supreme Court expanded double jeopardy protection to bar "any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 520, 110 S.Ct. at 2093. The Court stressed that this is not an "actual evidence" or "same evidence" test; rather, the critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. Thus, Boles argues that because the State must prove 1) an agreement between Boles and Jones to deal cocaine, 2) that Boles and Jones drove to Muncie to pick up the cocaine, and 3) that after picking up the cocaine, Boles and Jones proceeded to return to Madison County, the State will be proving conduct for which Boles was prosecuted and acquitted, thereby violating the double jeopardy clause under *Grady*.

We have reviewed the transcript from Boles' trial on the dealing charges and are not convinced that in the conspiracy trial the State will necessarily be proving the same conduct relied upon in the previous trial for dealing. However, we need not decide that question because the Supreme Court has recently ruled that the *Grady* analysis is not applicable in a situation such as this where a defendant is prosecuted for a substantive offense and then subsequently prosecuted for a conspiracy involving the same substantive offense. In *United States v. Felix* (1992), —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25, the Supreme Court reversed the Tenth Circuit Court of Appeals' decision holding that the government was barred from prosecuting Felix on a conspiracy charge in connection with a charge for attempting to manufacture methamphetamine for which he had been tried and convicted. The Supreme Court recognized that the language in *Grady* justified the Court of Appeals' conclusion, however, the *Grady* language was rejected in favor of the rule long antedating *Grady*, and not questioned by it, that a substantive crime and a conspiracy to commit that crime are not the "same offense" for double jeopardy purposes. —— U.S. at ——, 112 S.Ct. at 1384. Consequently, the government could prosecute Felix for the conspiracy charge even though he had already been prosecuted for the substantive charge and much of the same conduct would be proved.

Following the Supreme Court's lead in *Felix*, we conclude that prosecuting Boles for conspiracy to deal in cocaine subsequent to his acquittal on the charge of dealing in cocaine does not violate the double jeopardy clause.

 In a related argument, Boles contends that the collateral estoppel component of the double jeopardy clause also bars a subsequent prosecution because prosecution of the conspiracy charge will necessarily involve a relitigation of ultimate facts determined in the prosecution for dealing. However, collateral estoppel does not generally bar subsequent prosecution; it merely bars the reintroduction or relitigation of *facts* already established against the government. "To state the distinction in more prosaic terms, the traditional bar of jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating certain facts in order to establish the fact of the crime." *Little v. State* (1986), Ind., 501 N.E.2d 412, 414 (quoting *United States v. Mock* (5th Cir.1979), 604 F.2d 341, 343–44).

Boles contends that to acquit him of the dealing charge, the jury had to have determined that Boles had not conspired to deal with Jones or that Boles was entitled to the defense of entrapment. We do not agree with Boles' characterization of the first trial. It is not at all clear from the record the basis for the jury's decision to acquit Boles of dealing. He admitted that he agreed to go with Jones to get cocaine and when they arrived at the crack house Boles took the money and went, without Jones, to get the cocaine. He was unsuccessful and returned the money to Jones. While Boles and Jones were deciding what to do next, two men approached them and sold cocaine to Jones. It is possible that Boles was acquitted because the jury believed that while he intended to purchase cocaine for Jones, he was unsuccessful and then did not participate in the deal between the other two men and Jones. The only fact the jury clearly established is that Boles did not deal in cocaine. Whether Boles did deal in cocaine need not be established at his trial for the conspiracy charge. Indeed, the State amended its conspiracy information to delete all allegations concerning the transaction itself. Thus, there is no basis here for Boles' claim that collateral estoppel bars his prosecution for conspiracy.

The trial court correctly denied Boles motion to dismiss.

AFFIRMED.

SHARPNACK, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

The State's amended information, upon which it will try Boles for conspiracy, alleges in both specifications that the overt acts included seeking and obtaining the very cocaine which constituted the basis of the dealing charge in Delaware County. If these were the only overt acts which could underpin the conspiracy charge, I would dissent. I would, in such circumstance, hold that acquittal of the dealing charge precludes, in light of double jeopardy considerations, trial upon the conspiracy as charged.

In this regard, there is Indiana precedent which has rejected a "same transaction" test in favor of an "identity of offenses test." *Elmore v. State* (1978) 269 Ind. 532, 382 N.E.2d 893. Nevertheless, our Supreme Court recently has refused to apply the "identity of offenses" test in situations where the conduct "is continuous in its purpose and objective [because it] is deemed to be a single uninterrupted transaction". *Mahone v. State* (1989) Ind., 541 N.E.2d 278, 280 (quoting *Eddy v. State* (1986) Ind., 496 N.E.2d 24, 28). Double jeopardy considerations are applicable to such situations.

Be that as it may, the amended conspiracy charge alleges that Boles and Jones travelled to Muncie (from Madison County) in a vehicle for the purpose of dealing. The overt act involving vehicular travel from one county to another for the purpose of dealing may suffice for a conspiracy conviction without regard to whether or not Boles and Jones actually obtained and possessed the cocaine involved in Delaware County.

For this reason I join in the majority's statement that "[w]e ... are not convinced that in the conspiracy trial the State will necessarily be proving the same conduct

relied upon in the previous trial for dealing." Opinion at 273. In this sense, our case is similar to *United States v. Felix* (1992) — U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25. In *Felix*, as here, overt acts were alleged which were not the subject of the earlier prosecution. In *Felix* only two of nine overt acts were involved in the previous conviction.

I digress from the majority, however, in its conclusion that *Grady v. Corbin* (1990) 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548, retains no viability as to conspiracy prosecutions following conviction or acquittal of the substantive offense which was the object of the conspiracy. Although not a conspiracy case, in *Grady* the only two acts alleged with reference to the homicide and assault prosecutions were the subject of two earlier guilty pleas, i.e., (1) driving while intoxicated and (2) failing to keep to the right of the highway median. There was no additional acts which would have independently supported the homicide and assault charges. *Grady* thus differs from *Felix* and our case. I would adhere to the view of *Grady* enunciated by Judge Newman in his separate concurrence in *United States v. Calderone* (1990) 2d Cir., 917 F.2d 717, *vacated*, (1992) — U.S. ——, 112 S.Ct. 1657, 118 L.Ed.2d 381. He concluded that *Grady* bars a subsequent prosecution only if previously prosecuted conduct is essential to prove the conspiracy and its overt acts. Thus, if different overt acts are alleged and can be proved, a conspiracy conviction might properly lie.

If proof of an overt act or acts were merely an evidentiary means of establishing the agreement itself, a far different question would be posed. In such circumstance the overt act, whether or not previously prosecuted as a separate felony, would not bring into play double jeopardy prohibitions. This is the clear message which may be drawn from rejection of the "same evidence" test not only in *United States v. Felix, supra, Dowling v. United States* (1990) 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708, and *Huddleston v. United States* (1988) 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771, but rejected as well in *Grady v. Corbin* itself. The fact remains,

however, that the overt acts involved in a conspiracy charge in Indiana are not merely a matter of evidence. The overt act or acts are an essential element of the crime itself. Therefore, double jeopardy implications are present when the only overt act alleged in the conspiracy charge has been the subject of a previous conviction or acquittal.

There is no need or value in utilizing *United States v. Felix, supra,* as the basis for affirmance of the denial of the motion to dismiss. The holding here is justified by reliance upon long-standing Indiana case law. So long as an overt act is alleged and may be proved separate and apart from other overt acts which may have been the subject of previous prosecution, it is of no moment that the alleged conspirator has been convicted of the felony which is the focus of the agreement. It is the agreement which forms the essence of the crime. It is not essential that the object or purpose of the conspiracy be fulfilled. *Concepcion v. State* (1991) Ind., 567 N.E.2d 784. It is in this sense that our courts have held that double jeopardy considerations do not prevent convictions for both the underlying felony and the conspiracy to commit it. As noted, however, when the matter of an overt act, as an essential element of the conspiracy, becomes involved and has been previously prosecuted, double jeopardy prevents dual convictions.