989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald MAHONE, Petitioner-Appellant,
v.
Dick CLARK, et al., Respondents-Appellees.
 No. 92-1735.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1993.[1]
Decided March 17, 1993.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. S 91-00576S, Allen Sharp, Chief Judge.
 
 ORDER
 
 1
 Petitioner Donald Mahone appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.
 
 Background
 
 2
 On January 5, 1985, Walter Ivey and George Dawkins were killed. Ivey was shot in the head. Dawkins was shot in the neck and in the head, and suffered multiple stab wounds in the chest caused by a butcher knife.
 
 
 3
 Florida Reese testified that at 3:30 p.m. on the day the murders occurred, petitioner was at a party at Reese's home when Reese observed that petitioner was carrying a gun, and she heard petitioner state: "I'm so drunk I don't care if I rob the president today."
 
 
 4
 At about 6:00 p.m., petitioner and Rodney Samuels left the party and went to Ivey's apartment, where they found Ivey, Dawkins, and Jerome Buck. Several of the men began arguing. When Buck saw petitioner draw a gun, he fled. Samuels testified that while he fought with Dawkins, he heard a gun shot, then saw Dawkins grab his chest and fall to the floor. Samuels saw petitioner holding a gun. He then saw petitioner throw Ivey to the floor. Petitioner instructed Samuels to take the videocassette recorder and the television. Instead, Samuels fled.
 
 
 5
 A jury subsequently convicted petitioner of two counts of murder and two counts of murder in the perpetration of a robbery [felony-murder], and petitioner was sentenced to serve two consecutive 50-year terms of imprisonment. The Indiana Supreme Court affirmed petitioner's conviction. Mahone v. State of Indiana, 541 N.E.2d 278 (Ind.1989). In 1991, petitioner filed this habeas corpus petition.
 
 Discussion
 
 6
 Petitioner contends that the evidence of robbery was not sufficient to sustain a conviction for felony murder. He argues that, at most, the evidence showed the robbery was a mere afterthought following the first shooting, and "the intent to rob the victims was formed after the first victim was shot." He also argues that the "taking of property after the victim is dead would not constitute robbery."
 
 
 7
 In a federal habeas corpus action, petitioner is entitled to relief only if, in viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard is applied with explicit reference to the substantive elements of the criminal offenses as defined by state law. Jackson, 443 U.S. at 324, n. 16. See also Willard v. Pearson, 823 F.2d 1141, 1150 (7th Cir.1987).
 
 
 8
 In Indiana, a person is guilty of robbery if he "knowingly or intentionally takes property from another person or from the presence of another person: (1) By using or threatening the use of force on any person; or (2) by putting any person in fear...." Ind.Code § 35-42-5-1 (1985).
 
 
 9
 Reese testified that prior to the killings, petitioner was carrying a small handgun and stated, "I'm so drunk, I don't care if I rob the president today." Buck testified that shortly after arriving at Ivey's apartment, without removing his jacket, petitioner pulled a gun. Samuels testified that after Dawkins was shot, petitioner threw Ivey to the floor and instructed Samuels to take the videocassette recorder and television set. Viewing the facts in the light most favorable to the prosecution, we find that the jury could reasonably have found that petitioner formed the intent to rob prior to the killings.
 
 
 10
 Moreover, under Indiana law a robbery may occur after the fatal shots are fired where the crime is "continuous in its purpose and objective is deemed to be a single uninterrupted transaction." Mahone v. State of Indiana, 541 N.E.2d at 280, quoting Eddy v. State, 496 N.E.2d 24, 28 (Ind.1986). See also United States v. Schieman, 894 F.2d 909, 913-14 (7th Cir.1990) (Ripple, J., concurring in part and dissenting in part) ("[u]nder Indiana law, a homicide committed during the asportation of stolen property is considered to occur within one continuous transaction," i.e., where the homicide and felony are "closely connected in time, place and continuity of action"), cert. denied, 111 S.Ct. 155 (1990); Fierro v. Lynaugh, 879 F.2d 1276, 1278 (5th Cir.1989), cert. denied, 110 S.Ct. 1537 (1990).
 
 
 11
 Petitioner also argues that the trial court erred in instructing the jury on felony murder. We decline to address this issue since it was not raised in the state court. See Williams v. Chrans, 894 F.2d 928, 933 (7th Cir.1990).
 
 
 12
 Accordingly, the order of the district court denying the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record